# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 05CR2239 BEN |
| Plaintiff, | ORDER DENYING MOTION TO SUPPRESS [Doc. No. 55] |
| vs. | |
| EMILIO REYES-BOSQUE (1), JOSE LUIS RAMIREZ-ESQUEDA (2), JOSE ANGEL RIVAS-POZOS (3), | |
| Defendants. | |

Defendant Reyes-Bosque moves to suppress evidence collected at 362 Wilson Avenue, Units 3 and 4, during the execution of search warrants on February 3, 2006. The Court issued an Order on November 20, 2006 denying motions by all three defendants to suppress evidence and statements collected at that address by Border Patrol Agents on December 2, 2005. The Court assumes familiarity with the November 20, 2006 Order, and the facts recited therein. *United States v. Reyes-Bosque*, – F. Supp. 2d –, No. 05CR2239 BEN, 2006 WL 3431839 (S.D. Cal. November 21, 2006).

Reyes-Bosque argues that the search warrants were not based on sufficient probable cause, and that any illegally obtained evidence used in the affidavits supporting the warrants should not be considered. *See United States v. Barajas-Avalos*, 377 F.3d 1040, 1054 (9th Cir. 2004) ("We are mindful that 'evidence which is obtained as a direct result of an illegal search and seizure may not be used to establish probable cause for a subsequent search.'") (quoting *United States v. Wanless*,

1  882 F.2d 1459, 1465 (9th Cir.1989)).  The Court has already ruled that the evidence collected in
2  the warrantless searches on December 2, 2005 was not illegally obtained.  It therefore may be used
3  to support the warrant issued for the later search.

4  Even if the Court was to ignore that evidence, the affidavit still provides more than
5  sufficient support for a probable cause finding and issuance of a warrant.  "Probable cause exists
6  when there is a fair probability or substantial chance of criminal activity."  *United States v. Bishop*,
7  264 F.3d 919, 924 (9th Cir. 2001) (citing *Illinois v. Gates*, 462 U.S. 213, 235 (1983)).  The
8  affidavit by Senior Patrol Agent Todd G. Coovert of the United States Border Patrol includes
9  substantial evidence of alien smuggling at 362 Wilson Ave., Units 3 and 4.  (Def. Ex. B).  Agent
10 Coovert describes no fewer than eight incidents of alien smuggling involving the defendants in this
11 case (not including the events of December 2, 2005), all of which had a nexus to 362 Wilson
12 Avenue.  The most recent of these was *after* defendant Reyes-Bosque had been freed on bond.

13 The final incident described in the affidavit occurred on January 31, 2006.  At 1:45 a.m.
14 Agent Coovert, along with four other Border Patrol Agents conducted surveillance of 362 Wilson
15 Ave., Units 3 and 4.  At 3:50 a.m., one of the agents observed five to six individuals gathered
16 around a Jeep Cherokee parked next to Unit 3.  One individual entered Unit 3, then returned to the
17 Jeep.  The agents followed the vehicle until it parked on a dirt road, then at 4:12 a.m. questioned
18 the driver and the occupants and determined that they were all citizens of Mexico, present in the
19 United States illegally.  During questioning, one of the aliens identified Reyes-Bosque as the man
20 who directed him into a bedroom of the house where he was kept, and also the man who told him
21 when it was time to go.  He also observed Reyes-Bosque speaking with the driver of the vehicle, a
22 man named Juan Contreras.  Reyes-Bosque then opened the back of the Jeep Cherokee, told him to
23 get in and get down.

24 This incident was observed firsthand by the Border Patrol Agents.  There is no issue
25 regarding the reliability of an informant, because the information recorded in the affidavit was not
26 provided by an informant.  *See Illinois v. Gates*, 462 U.S. at 230-31 (adopting a totality of the
27 circumstances standard for evaluation of evidence from an informant used in a warrant
28 application).  The Court finds that this incident alone would have been sufficient to support a

1 | probable cause finding. But in addition to this incident, the affidavit describes seven other
2 | incidents of alien smuggling, which provide enough support as to dispel any question regarding
3 | the sufficiency of the affidavit.
4 |      For the reasons stated above, the Court denies the motion to suppress the evidence
5 | collected as a result of the execution of the February 2, 2006 warrants.
6 | IT IS SO ORDERED.

7

8 | DATED: December 5, 2006

                                                         Hon. Roger T. Benitez
                                                         United States District Judge