FILED

14 JAN 14 AM 11: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: 06 DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO REYES-BOSQUE,<br><br>              Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | CASE NOS. 12-CV-0019-BEN<br>05-CR-2239-BEN-1<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Criminal Docket No. 393] |

Before this Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Petitioner Emilio Reyes-Bosque. (Docket No. 393)[1]. For the reasons stated below, the Motion is **DENIED**.

## I. BACKGROUND

Petitioner and his codefendants were arrested on December 2, 2005 in connection with the discovery of 21 undocumented aliens at a stash house in Brawley, California. (Docket No. 1). Petitioner was charged in a Superseding Indictment on February 7, 2008 with ten counts, including 1) aiding aggravated felon aliens to enter the United States; 2) conspiracy to bring in, transport and harbor aliens; 3) four counts of bringing in illegal aliens for financial gain; and 4) four counts of harboring illegal aliens. (Docket No. 279).

Approximately one year after his codefendants were separately tried and

---

[1]All docket numbers refer to Petitioner's criminal docket, 05-CR-2239-BEN-1.

convicted, Petitioner proceeded to trial on February 12, 2008, and was convicted by a jury of all counts on February 20, 2008. (Docket No. 297). Petitioner was sentenced by this court to 210 months imprisonment on May 19, 2008. (Docket Nos. 316, 317). The conviction was affirmed by the Ninth Circuit. *United States v. Reyes-Bosque*, 596 F.3d 1017, 1021 (9th Cir. 2010). Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence on January 3, 2012.

## II. LEGAL STANDARD

A district court may "vacate, set aside or correct" the sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. 28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing before denying a § 2255 motion, unless it is conclusively shown that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b). However, if it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## III. DISCUSSION

### A. Legal Standard for Ineffective Assistance of Counsel

All of Petitioner's claims before this Court pertain to allegations of ineffective assistance of counsel.

A petitioner asserting an ineffective assistance of counsel (IAC) claim must demonstrate that (1) defense counsel's performance was deficient; and (2) this deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 690-92 (1994). To establish performance is deficient, Petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 687-688. Because of the difficulties inherent in evaluating the performance of counsel after the fact, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. To demonstrate prejudice, a defendant must show that there is a "reasonable probability"

that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

### A. Ineffective Assistance of Counsel - Aiding and Abetting Liability

Petitioner initially argued that his conviction was invalid because he was convicted for aiding and abetting without a corresponding conviction of a principal for violating § 1327. (Mot. at 3). He separately contended that both his trial and appellate counsel are ineffective for failing to raise this issue. (*Id.* at 4) In his Reply, Petitioner stated that he "abandons" this ground. However, since Petitioner did not clarify if he was also abandoning the related ineffective assistance of counsel claim, this Court will briefly address the matter.

It is established that counsel is not ineffective for failing to argue a meritless claim. *See, e.g., Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir.2012) ("It should be obvious that the failure of an attorney to raise a meritless claim is not prejudicial") (citing *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985)); *Gonzalez v. Knowles*, 515 F.3d 1006, 1017 (9th Cir. 2008) (trial counsel is not ineffective for failing to raise a meritless objection). The Ninth Circuit has clearly rejected Petitioner's argument regarding aiding and abetting on multiple occasions. "[A] defendant can be convicted of aiding and abetting even if a principal is never identified of convicted." *United States v. Powell*, 806 F.2d 1421, 1424 (9th Cir. 1986)(citations omitted); *see also United States v. Sutcliffe*, 505 F.3d 944, 960 (9th Cir. 2007) (identification of a principal not an element of an aiding and abetting conviction).

As Petitioner's claim that he could not be convicted of aiding and abetting without a conviction of a principal is meritless, it was not deficient for either counsel not to raise this issue. His claims of IAC on this ground fail on the merits.

### B. Ineffective Assistance of Counsel - Failure to Convey Plea Offer

As a general rule, counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the

accused. *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Id.* at 1409.

Petitioner claims that he discovered a June 2007 government offer for a 37-month sentence while preparing the instant § 2255 motion.[2] (Mot. at 3). He claims he had never seen it before and it had never been mentioned to him. (*Id.*) He states that, given his sentence exposure, he would have "immediately, unquestionably, and unconditionally accepted said offer." (*Id.*) In his reply brief, Petitioner asserts that he would have accepted this offer, unlike past offers, because it was "not conditional on him testifying against Immigration Agents." (Reply at 1-2). Petitioner submitted a declaration, signed under penalty of perjury, in which he states that he never saw the plea offer, and alleges that counsel never explained that he was facing a charge under 8 U.S.C. § 1327 which had a substantially greater maximum and is a "near strict liability crime." (Pet. Decl at ¶ 9). He further states that if he had known he would be found guilty "almost automatically," he would not have taken the risk of trial if he had known about the 37-month offer. (*Id.* at ¶ 10).[3]

The Government argues that counsel was not deficient because Petitioner was informed of the plea offer. (Opp. at 12-14). The Government offers the affidavit of George Siddell, who served as Petitioner's counsel from March 2007 through his sentencing. (Gov. Ex. HAB-1, Siddell Aff.) Siddell states the following account of his

---

[2] The Court notes that the offer would only have resulted in a sentence of 37 months if Petitioner was criminal history category I and this Court accepted a recommendation at the low end of the sentencing guidelines. (Mot., Ex. A). Petitioner was ultimately determined to be in criminal history category II at sentencing. (Tr. of Sent. Hearing, Docket No. 351, at 17:17-18).

[3] The Court notes that Petitioner appears to offer these statements to rebut the Government's argument that Petitioner was not prejudiced because he had a history of rejecting more favorable plea offers. (Opp. at 13). Petitioner maintains that he never knew about the offer, and does not argue that he was misadvised about the offer.

dealings with Petitioner. When he took over the representation of Petitioner, Sidell was aware that Petitioner had previously rejected an offer amounting to a low-end prosecution recommendation of 12 months if he was in criminal history category I, and 15 months if he was in category II. (Siddell Aff. at ¶ 3). Siddell repeatedly discussed the possibility of a plea with Petitioner, who was "consistently and resolutely opposed" to pleading guilty. (*Id.* at ¶ 4). Petitioner told Siddell that he did not believe anyone would testify against him. (*Id.*) Siddell received the June 2007 offer referenced by Petitioner, showed Petitioner the documents, discussed the offer thoroughly, and "strongly advised" Petitioner to accept it. (*Id.* at ¶ 5). Petitioner refused the offer, continuing to assert that no one would testify against him and dismissing the strength of the evidence against him. (*Id.*) Siddell convinced the prosecution to extend the deadline to respond, and the prosecution delayed filing the superseding indictment for eight months to give him time to convince his client. (*Id.* at ¶ 6). Petitioner continued to refuse the offer. (*Id.*) Petitioner also refused the government's offer of a post-trial sentencing agreement in exchange for cooperation with law enforcement and a waiver of appellate rights. (*Id.* at ¶ 8).

The Court finds that Petitioner cannot show that his counsel was deficient. Petitioner offers only his own, self-serving allegation that he was not properly informed of the plea offer. This is contrary to the sworn affidavit of trial counsel stating that not only was Petitioner informed of the offer, but that counsel discussed it with him repeatedly over the course of several months. Counsel also stated that Petitioner explained his refusal as due to a belief that no one would testify against him and that the other evidence was not strong enough. This Court notes that Petitioner apparently had access to the plea documents and was able to attach them to his Motion. (Mot, Exs. A and B; Pet.'s Decl. ¶ 3). However, this Court does not consider that conclusive, as it does not prove that it was brought to his attention or translated for his benefit. It is however, consistent with the account of Petitioner's counsel. Also consistent with the account of Petitioner's counsel is Petitioner's history of refusing to cooperate with

the government, either before or after trial.

The Ninth Circuit has expressed skepticism where a defendant who refuses to take a plea and proceeds to trial later attempts to vacate his sentence based only on a self-serving claim that he received ineffective assistance of counsel while considering the plea. *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002). In *Turner*, the Ninth Circuit found that a petitioner's later, self-serving statement that his lawyer told him that it was not a death penalty case did not suffice to establish that the petitioner was unaware of the possible verdict. *Id.* The Court specifically noted that:

> If the rule were otherwise, every rejection of a plea offer, viewed perhaps with more clarity in the light of an unfavorable verdict, could be relitigated upon the defendant's later claim that had his counsel better advised him, he would have accepted the plea offer.

*Id.* A similar danger appears where, as here, a petitioner offers only his own account that he was never informed of the plea agreement, and his account conflicts with the remainder of the record. If such an allegation is enough to vacate a sentence, every defendant who proceeds to trial would be able to relitigate an unfavorable result.

As this Court concludes that Petitioner cannot demonstrate that his counsel was ineffective, it need not consider the prejudice prong. *Strickland*, 466 U.S. at 697.

C. Ineffective Assistance of Counsel - Trial Counsel's Failure to Object

Petitioner contends that trial counsel was ineffective for his failure to object to several pieces of testimony from federal agents. (Mot. at 3). Petitioner provided no specific discussion of the admissibility of the evidence and did not explain to this Court why he thought such objections were merited and would benefit his case. The Ninth Circuit has already considered Petitioner's arguments concerning this hearsay evidence, and found that it was not plain error to admit the testimony. *Reyes-Bosque*, 596 F.3d at 1032-33. Review of the record of this case demonstrates that Petitioner cannot establish an ineffective assistance of counsel claim.

1. Deficiency

As discussed above, review of counsel's representation of a defendant is "high deferential." *Strickland*, 466 U.S. at 689. A defendant is required to overcome the

presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* (citation omitted).

There are many valid reasons for counsel not to raise a potentially meritorious objection, and many circumstances in which refraining from an objection is in the best interests of the representation. The testimony might not be very harmful, or might be cumulative. A successful objection may not keep evidence out if opposing counsel has other means of introducing evidence. In some circumstances, frequent objections might irritate a jury or raise suspicions. The most competent counsel is not necessarily the one raising the most objections.

Examination of the instances of hearsay cited by Petitioner confirms that counsel's failure to object was a reasonable strategic decision. The Government is correct in stating that nine of the ten counts in the indictment were related to the events of December 2, 2005 and January 31, 2006. Review of Petitioner's Motion reveals that only one instance cited relates directly to one of those days, January 31, 2006. Petitioner's other complaints relate to evidence which would have supported the conspiracy count.

The evidence admitted regarding January 31, 2006 involved only a driver's name and the alienage of two passengers. Testimony about names is commonly not regarded as hearsay. *See United States v. Allen*, 960 F.2d 1055, 1059 (D.C. Cir. 1992). Petitioner's trial counsel states that he did not object because the third passenger had stated he was an alien smuggled with other aliens, and that the United States could have proved alienage by other means. (Siddell Decl. ¶ 10). Counsel stated that he thought that objecting would only hurt his standing with the jury, and pointed out that codefendant's counsel did not object to the same in a separate trial. (*Id.*) He also states that he did not object to the driver's name because it "made little difference to the case." (*Id.*) The Government agrees that it had other means to enter evidence of the citizenship of the smuggled individuals. (Opp. at 15). Finally, the defense never attempted to argue that the individuals were not aliens. Instead, the defense attempted

to argue that Petitioner was not involved in the alien smuggling. (Siddell Decl. ¶11). Given the fact that there was other evidence of the individual's alienage, including additional evidence that could have been admitted if the defense had successfully objected, it was not error for counsel to pass over an objection that did not interfere with the defense theory and risked alienation of the jury.

To the extent Petitioner challenges the admission of other evidence, it pertains to events supporting the conspiracy count. Counsel makes similar arguments regarding these statements with regard to the admission of names and alienage. (*Id.*) Petitioner does not clearly identify what portions of the testimony to which he believes should have been objected. However, the Motion refers to statements made in three separate encounters which also mention that a car with aliens was headed to a particular address, that an alien belonged to Reyes, and that a driver had picked the aliens up from the side of the road. (Mot. at 3).

Petitioner provides no argument for why a reasonable counsel would have objected to any of the statements he lists in his Motion. He merely states in Ground Two that his attorney did not object, and makes a conclusory statement in Ground Three that counsel was deficient for not doing so. Given the multitude of reasons which could reasonably justify a failure to object, Petitioner's argument is insufficient and Petitioner cannot overcome the strong presumption that these decisions fell within the wide range of reasonable professional assistance. Although counsel does not provide specific arguments about why he did not object to these statements, and the Government does not attempt to offer any, it would serve no purpose for this Court to seek additional briefing on these questions. As discussed below, it is apparent that Petitioner cannot demonstrate prejudice.

### 2. Prejudice

Even if counsel were deficient, Petitioner was not prejudiced by the admission of the testimony. Petitioner must show that there is a "reasonable probability" that the result of the proceeding would have been different, if not for counsel's unprofessional

errors. *Strickland*, 466 U.S. at 694. The Court notes again that at least some of the evidence could have been admitted in another way.

Even if such information had not been admitted, it is apparent to this Court that the Government had an extremely strong case against Petitioner. As this Court expressed after trial, the evidence was so overwhelming that this Court cannot imagine that there was any evidence that might have changed the outcome of the trial in any way. As correctly restated in the responsive briefing, the Government presented extensive evidence at trial, including: a cooperating witness, multiple eyewitnesses who identified Petitioner as an alien smuggler, his signature on a document setting out rules for the smuggling organization, cell phone contents which tied him to a load of smuggled aliens, cell phone contacts that matched nicknames on documents seized from the stash house, ledgers for the organization found in his home, Petitioner's admissions to the cooperator, receipts and testimony showing that he paid rent for the stash house, evidence that he owned three vehicles used to smuggle aliens, and other evidence connecting him to earlier smuggling events. (Opp. at 17-18).

Given the magnitude of the evidence, Petitioner could not show that there is a reasonable probability that he would not have been convicted, even if counsel had successfully objected to the evidence he complains of and somehow prevented its admission by other means. Petitioner cannot demonstrate that any deficient performance prejudiced him. His claim of ineffective assistance of counsel must fail.

## IV. EVIDENTIARY HEARING

Unless the motion and the records of a case conclusively show that the prisoner is entitled to no relief, a court is required to grant a hearing. 28 U.S.C. § 2255(b). However, where the record demonstrates that a petitioner has failed to state a claim, a district court may deny a § 2255 motion without an evidentiary hearing. *Quan*, 789 F.2d at 715. Given the foregoing discussion, this Court finds that Petitioner cannot succeed upon his claims, and holding an evidentiary hearing or seeking additional briefing would serve no purpose.

## V. CONCLUSION

In accordance with the conclusions set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Petitioner has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: January 13, 2014

HON. ROGER T. BENITEZ
United States District Judge