# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO REYES-BOSQUE,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NOS. 12-CV-0019-BEN<br>05-CR-2239-BEN-1<br><br>**ORDER AFTER REMAND, AND AFTER EVIDENTIARY HEARING, DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Before this Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence filed by Movant Emilio Reyes-Bosque. For the reasons stated below, the Motion is **DENIED**.

On April 21, 2016, an evidentiary hearing was held at which both Movant and his attorney testified. The findings of fact and conclusions of law announced at the conclusion of that evidentiary hearing, as well as those found in this Court's previous Order denying the § 2255 motion (filed January 14, 2014), are adopted in full and incorporated herein. Because the full findings and reasoning are set out in these prior proceedings, only the salient points are emphasized here.

Movant claims his attorney rendered ineffective assistance by failing to communicate a plea bargain offer from the government. The actual claim has changed three times over the course of the proceedings. In the original motion, he

claimed that his attorney completely failed to communicate a June 7, 2007 plea bargain offer for a sentence of 37 months. *See* Motion (Jan. 3, 2012) at 3. After the Government filed its response, Movant filed a reply. In the reply, Movant changed the claim to allege that his attorney failed to communicate that the plea bargain was unconditional, *i.e.*, that the bargain did not require Movant to testify for the Government in another case. *See* Reply (Sept. 11, 2012) at 1-2. Finally, at the evidentiary hearing, Movant again changed his claim to allege that, even if his attorney did communicate the plea bargain offer, and even if his attorney did communicate that the bargain did not require testifying for the Government, his attorney did not accurately communicate the potential life sentence penalty if convicted. He asserts that he was prejudiced by this failure, because had he known that he was facing a possible life sentence, he would have accepted the plea offer rather than risk a trial. *See* Motion for Certificate of Appealability (May 11, 2016) at 8-9.

      As this Court found at the evidentiary hearing, Mr. Siddell, Esq., Movant's attorney at that time, did communicate to Movant the government's plea bargain offer. Siddell did communicate to Movant that the plea bargain offer did not require testifying for the Government in another case. And Siddell did communicate that the potential sentence, if tried and convicted, would be a lot more time.

      Siddell could not have known exactly what the possible sentence length would be if tried and convicted because the plea offer was made prior to a superceding indictment. At the time of the plea offer, the possible sentence was a Sentencing Guidelines range of a minimum of five years. The Government's plea offer letter explained that if the plea was not accepted, it would seek a superceding indictment with a possible sentence of 135 months to 168 months.

      The Court finds that Movant rejected the plea bargain offer in spite of any possible lengthy sentence. Movant rejected the plea bargain offer because, as he told Mr. Siddell, Movant did not believe that anyone in his alien-smuggling

organization would testify against him at trial.  Consequently, the claim of ineffective assistance of counsel is not supported by the evidence.

A claim of ineffective assistance of counsel requires proof of ineffective performance and legal prejudice.  To prove the performance prong of an ineffective assistance claim, one must prove that counsel failed to communicate a formal offer from the prosecution of a plea bargain that may be favorable to the accused. *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012).  To prove legal prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, one must prove "a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Id.* at 1409.  Neither was proven here.

Simply put, Movant's testimony is not credible.  Mr. Siddell's testimony is credible.  Therefore, the Court finds that Movant cannot show that his counsel was deficient, nor that Movant was prejudiced.  Therefore, Movant's Motion to Vacate, Set Aside, or Correct a Sentence is **DENIED**.

Movant has moved for a certificate of appealability.  A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003).  Movant makes a good argument that there are debatable issues about what constitutes effective assistance of counsel as to *how* a plea bargain offer is communicated and discussed with a defendant.  However, there are no debatable issues as to the lack of legal prejudice to a defendant who, as Movant did here, rejects an offer because he is convinced that no member of his criminal organization will testify in court against him.  As both the performance and prejudice prongs must be proven to merit § 2255 relief, Movant has not made a substantial showing of the denial of a constitutional right.  This Court finds that Movant has not made

the necessary showing.  A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED:  June 3, 2016

Hon. Roger T. Benitez
United States District Judge